**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL CHILDRESS; CLAUDIA CHILDRESS, | No. 19-35441 |
| Plaintiffs-Appellees, | D.C. No. 9:18-cv-00183-DWM |
| v. | MEMORANDUM* |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant-Appellant. | |
| RANDALL CHILDRESS; CLAUDIA CHILDRESS, | No. 19-35493 |
| Plaintiffs-Appellants, | D.C. No. 9:18-cv-00183-DWM |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted September 4, 2020
Submission Vacated October 19, 2020
Resubmitted October 22, 2021
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and COLLINS, Circuit Judges, and SOTO,[**] District Judge.

After hearing oral argument, we certified the following question, an issue of first impression under Montana law and dispositive of the instant case, to the Montana Supreme Court:

> Whether, under Montana law, parasitic emotional distress damages are available for an underlying negligence claim for personal property damage or loss?

*Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 668 (9th Cir. 2020) (citing Mont. R. App. P. 15(6)(a)(iii)).

The Montana Supreme Court graciously accepted our certification request, *Childress v. Costco Wholesale Corp.*, No. OP 20-0526, 2020 WL 6482116 (Mont. Nov. 4, 2020), and then answered our certified question, without modification and on the facts and procedural history provided in our certification order. *Childress v. Costco Wholesale Corp.*, 493 P.3d 314 (Mont. 2021). The Supreme Court answered the question in the negative, explaining:

> [The] Childresses did not establish the basis for parasitic emotional distress damages we approved in *Maloney*, where plaintiffs proved "a subjective relationship with the property on a 'personal-identity' level." Nothing in the facts provided to this Court indicate that the handgun was an heirloom, nor were the house keys, documents, or ammunition so intrinsically intertwined with the Childress family dynamic that without these articles their "personal identity" would be

---

[**] The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

irreparably impacted. Rather, under the facts as provided, the Childresses were deprived of fungible property whose value is derived from its utility, not for its intrinsic value.

*Id*. at 318 (citations omitted). Because the Childresses are not entitled to parasitic emotional distress damages for their underlying negligence claim, the Supreme Court's decision requires a resolution in Costco's favor.

Accordingly, the award of $62,750 in "unspecified, non-property damages" on the Childresses negligence claim is VACATED. [1] This matter is remanded to the District Court for further proceedings consistent with this Memorandum.

---

[1] The parties raised several other issues on appeal. However, because the "unspecified, non-property damages" award is vacated, those issues are moot and we decline to reach them.